IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| H. JAMES SEAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05cv712-TFM |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND O R D E R

This case is now before the Court on Plaintiff's counsel's *Petition for Authorization of Attorney Fees* (Doc. #26, filed January 17, 2008). Counsel seeks $28,270.75 in attorney's fees, pursuant to 42 U.S.C. § 406(b), for representing Plaintiff before this Court for a total of 16.30 hours. The Commissioner's *Response* (Doc. # 28, filed January 30, 2008) confirms this amount has been withheld by the Commissioner as 25 percent of past due benefits, and eligible for payment of fees pursuant to the fee agreement executed between Plaintiff and counsel. The Commissioner, however, asks the fee award be "reasonable" under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002), and for counsel to return $2570.18, the amount of attorney's fees previously awarded under the Equal Access to Justice Act (EAJA).

In *Gisbrecht*, the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits

claims in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered." *Id*. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b), but, as noted by the Commissioner, would result in an hourly fee of $1,740.54 per hour.

As instructed by *Gisbrecht*, the task before this Court is determining a reasonable fee. The decision noted that if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id*. at 808. Counsel's petition cites awards under § 406(b) from the Northern District of Alabama which produced fees greater than $ 800.00 per hour. The Court finds these fees excessive for this District, and notes counsel's law firm recently averred in the Middle District of Alabama its position that $166.92 per hour was a reasonable rate for experienced counsel to undertake Social Security litigation. *See Anderson v. Astrue*, 2:07cv768-TFM, Doc. #21, at ¶ 5 (petition for fees under the Equal Access to Justice Act (EAJA)). Another district court confronted with establishing a reasonable fee in Social Security contingency fee cases applied a multiplier of 2.5 to counsel's hourly rate. The court opined the multiplier not only acknowledged counsel's experience and efficiency, but also the risks involved in taking Social Security cases under contingency contract. *Pearce v. Astrue*, ___ F.Supp. 2d ___, 2008 WL 179022 (M.D. Fla. Jan. 17, 2008). Counsel's hourly rate of $166.92 multiplied by 2.5 produces $417.3, which,

when multiplied by 16.3 hours of services results in a total payment of $6801.99.

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to 42 U.S.C. § 406(b),

1.  The petition for attorney's fees be and is hereby GRANTED to the extent that the contingent fee amount is set at $6801.99;

2.  The Commissioner shall pay to Plaintiff's counsel $6801.99 of the amount previously withheld from Plaintiff's past due benefits;

3.  The Commissioner shall pay to Plaintiff the remainder of the amount previously withheld from his past due benefits; and,

4.  Plaintiff's counsel shall refund to Plaintiff the amount of $2570.18, the amount previously awarded in EAJA fees.

DONE this 27th day of February, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE